# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2464

_____

United States of America

*Plaintiff - Appellee*

v.

Nelson Olmeda, also known as Diego

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: March 15, 2018
Filed: March 29, 2018
[Unpublished]

_____

Before BENTON, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Nelson Olmeda directly appeals the sentence imposed by the district court[1]
following his guilty plea to drug charges. His counsel has moved to withdraw and

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the
Western District of Missouri.

has submitted a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), discussing whether the sentence was impermissibly enhanced under 21 U.S.C. § 851.

We conclude that, absent any allegation that the decision was based on an improper factor, it was within the government's discretion to subject Olmeda to the enhanced sentence, <u>see</u> <u>United States v. LaBonte</u>, 520 U.S. 751, 761-62 (1997); and that his prior felony drug conviction was a permissible basis for the enhancement, <u>see</u> Tex. Health & Safety Code Ann. § 481.121(b)(3) (possession of more than 4 ounces of marijuana is "state jail felony"); Texas Penal Code Ann. § 12.35 (state jail felony is punishable by confinement for up to 2 years); <u>United States v. Jones</u>, 559 F.3d 831, 837 (8th Cir. 2009) (21 U.S.C. §§ 841(b)(1)(A) and 851 permit use of simple felony drug possession conviction for enhancement).

Having independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel leave to withdraw, and we affirm.

_____